UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEGEND'S CREEK HOMEOWNERS ASSOCIATION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 1:18-cv-02782-TWP-MPB |
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA, | ) ) ) ) |
| Defendant. | ) |

**ENTRY ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

This matter is before the Court on a Motion for Relief from Judgment filed pursuant to Federal Rule of Civil Procedure 60(b) by Plaintiff Legend's Creek Homeowners Association, Inc. ("Legend's Creek") (Filing No. 92). Legend's Creek contends that the Court "should set aside, amend, or clarify" its summary judgment order "to the extent that it could be interpreted to cancel the appraisal award." (*See* Filing No. 93 at 3.) For the following reasons, the Court **denies** the Motion.

### I.     BACKGROUND

The facts of this case are set forth in detail in the summary judgment entry, (Filing No. 108), and are only summarized in this Entry. After an insurance coverage dispute, Legend's Creek sued its insurer, Defendant Travelers Indemnity Company of America ("Travelers"), for breach of contract and bad faith (*see* Filing No. 35 at 3-5). Concerning its breach of contract claim, Legend's Creek contends that Travelers should have replaced siding for the entirety of several condominium buildings it owned—despite only one side on each of the buildings suffering damage—so that it

"would have [ ] matching siding." *Id.* at 3.  Legend's Creek contends that Travelers acted in bad faith when it "knew that the siding was discontinued and could not be matched." *Id.* at 4.

During the pendency of the case, the parties disputed whether the affected side of the buildings could be replaced with siding that is a reasonable match to the other three sides of the four buildings and whether such a "matching" replacement is even required under the condominium insurance policy (the "Policy").  Fifteen months after filing suit, Legend's Creek requested an order requiring the parties to complete the appraisal process pursuant to the Policy. ([Filing No. 58](#).)  Travelers opposed the appraisal process arguing the request was procedurally defective because Legend's Creek had waived the right to appraisal by filing this lawsuit and actively litigating it for fifteen months before demanding appraisal; the appraisal is subject to the Policy's two year statute of limitation provision; and "matching" is a coverage issue that is not subject to appraisal.  ([Filing No. 61](#).)

After considering the parties' positions, the Magistrate Judge ordered the parties to begin the appraisal process as outlined in the Policy.  ([Filing No. 81 at 6](#).)  The Order stated that "the appraisal can be used . . . as part of the discovery process" and that it "could help in the fact-finding, and hopefully settlement discussions, while preserving any legal arguments, coverage or otherwise, that Travelers believes precludes its liability." *Id.* at 3, 4.  The Magistrate Judge clarified, in his conclusion "regarding the appraisal has no outcome on" any analysis concerning "Travelers' pending summary judgment [arguing] that Legend's breach of contract count is barred by the Policy's two-year statute of limitation for a legal action." *Id.* at 5.  The Order further noted that "[t]o conclude that Legend's may exercise its contractual appraisal right is not to endorse its theory of its entitlement to a larger recovery; nor does it preemptively endorse the appraiser's fact-

finding as binding notwithstanding any legal defenses Travelers may assert." *Id.* at 6. In granting the appraisal request, the Order specifically stated:

> Travelers' Policy provides the insurer the right to retain its right to deny the claim. "In other words, the policy expressly contemplates that the insurer may deny coverage and assert defenses—including that [the Policy's coverage does not extend to matching replacement siding with existing siding]—*after* an appraisal has taken place to determine the amount of loss." *Id.* (emphasis in original). To conclude that Legend's may exercise its contractual appraisal right is not to endorse its theory of its entitlement to a larger recovery; nor does it preemptively endorse the appraiser's fact-finding as binding notwithstanding any legal defenses Travelers may assert.

*Id.* at 5-6.

The completed appraisal determined that Travelers owed "$257,256.47 for the additional actual cash value owed for covered damage". (Filing No. 92-1 at 1; *see also* Filing No. 92-2 at 1-5.) Travelers issued payment on October 1, 2020, for this amount (*see* Filing No. 92-3 at 1-2) but noted that it:

> is issuing this Payment subject to the two motions currently pending before the Court in the above-referenced matter: (1) Defendant 's Motion for Summary Judgment (Dkt. Nos. 71, 72, 82); and (2) Travelers ' Objection to Order on Plaintiffs' Motion to Order Parties to Appraisal (Dkt. Nos. 83, 85). Should the Court grant either, or both, motion(s), Travelers reserves the right to seek full repayment of the Payment.

(Filing No. 92-4 at 1).

A few days later, on October 6, 2020, the Court—as eluded to above as a possibility—entered summary judgment in favor of Travelers and granted Travelers' objection to the Magistrate Judge's entry ordering the appraisal. (Filing No. 108 at 19-20.) That afternoon, with both motions determined in its favor, Travelers stopped payment on its October 1, 2020, check (*see* Filing No. 92-6). On November 3, 2020, Legend's Creek filed the instant Motion seeking relief from the judgment under Rule 60(b)(5) and Rule 60(b)(6).

## II.     LEGAL STANDARD

Rule 60(b) provides that:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

\*\*\*

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Relief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *United States v. One 1979 Rolls-Royce Corniche Convertible*, 770 F.2d 713, 716 (7th Cir. 1985). A party requesting relief from a final judgment is required to make a strong showing under Rule 60(b) because of the "strong presumption against the reopening of final decisions." *Connecticut Nat'l Mortg. Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir. 1990). In short, Rule 60(b) "establishes a high hurdle" to clear to reopen a final judgment. *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

## III.     DISCUSSION

Legend's Creek asks the Court to clarify "that that the appraisal award is valid and that Travelers owes it." ([Filing No. 93 at 4](#).) It explains that the Court itself ordered the appraisal, and the "parties entered into appraisal knowing there was ongoing litigation". *Id.* Because "'a party who voluntarily submits to appraisal to determine the amount due under a[n] [] insurance policy is bound by the appraisal award, absent exceptional circumstances,'" *id.* at 6 (quoting *FDL, Inc. v. Cincinnati Ins. Co.*, 135 F.3d 503, 505 (7th Cir. 1998)), Legend's Creek argues that the Court should clarify that Travelers cannot now rescind payment because of the summary judgment order. It points out that the summary judgment order "did not address either the issue of appraisal or the

4

merits of Legend's claim", *id.* at 7. Moreover, both parties "spent substantial resources" on the appraisal and entered into it "without any conditions other than those stated in the policy." *Id.* Because it "was unfair and inequitable of Travelers to stop payment on the appraisal award check," the Court should clarify that "the appraisal award is still valid." *Id.*

In response, Travelers argues that Legend's Creek fails to meet the "steep burden" of Rule 60(b), mischaracterizes a prior entry "as fully in effect," and disregards that the "Court halted the appraisal process." (Filing No. 101 at 1.) Moreover, Legend's Creek "ignores the fact that Travelers objected to the appraisal process all along and reserved its right to withdraw from the appraisal process" pending the resolution of its motion objecting to the Court's order of appraisal. *Id.* Travelers contends that neither Rule 60(b)(5) nor 60(b)(6) can provide relief. First, "Rule 60(b)(5) relief typically is limited to cases dealing with injunctions and consent decrees because of their prospective nature." *Id.* at 5 (citing *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 630 (7th Cir. 1997)). Here, instead of seeking prospective relief, "Legend's Creek seeks payment based on an appraisal process that the Court correctly halted because the process should have never been permitted to begin in the first place." *Id.* at 6. In any event, "Travelers objected to the appraisal process" throughout and informed Legend's Creek that any payment "was subject to and contingent upon" resolution of several motions, which all ultimately favored Travelers. *Id.* This is a clear distinction from the case relied upon by Legend's Creek, where the parties "voluntarily submitted to the appraisal process." *Id.* (citing *FDL*, 135 F.3d at 505). Travelers asserts that while both parties spent significant sums on the process, Legend's Creek "has only itself to blame" for not initiating an appraisal before filing suit. *Id.* In fact, Legend's Creek only sought an appraisal process after "forcing Travelers to incur fifteen (15) months of litigation fees and expenses" and on the "eve of summary judgment briefing". *Id.* Additionally, an appraisal

award "*always* is subject to a determination of whether the damages in the Award are covered by the relevant insurance policy. *Id.* at 7 (citing *Villas at Winding Ridge v. State Farm Fire & Cas. Ins. Co.*, No. 1:16-CV-03301-TWP-MJD, 2019 WL 1434220, at *7 (S.D. Ind. Mar. 29, 2019), *aff'd sub nom. Villas at Winding Ridge v. State Farm Fire & Cas. Co.*, 942 F.3d 824 (7th Cir. 2019)) (emphasis in original).

As for Rule 60(b)(6), Travelers maintains that relief is due under that subsection only "upon a showing of 'extraordinary circumstances justifying the reopening of a final judgment.'" *Id.* at 8 (quoting *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006)). These circumstances include "the risk of injustice and 'the risk of undermining the public's confidence in the judicial process.'" *Id.* (quoting *Buck v. Davis*, 137 S. Ct. 759, 778 (2017)). Travelers argues these conditions are absent here, especially when Legend's Creek "engaged in chicanery during the adjustment of the claim." *Id.* Travelers contends, "Legend's Creek's untimely appraisal demand cannot have a life of its own and exist independently of the untimely lawsuit in which the Motion was brought." *Id.* Any holding contrary would "allow a policyholder to bring a legal action to compel an appraisal years after the policyholder's right to bring a legal action for breach of the policy had expired." *Id.* at 9. "Again," Travelers concludes, "this all could have been avoided had Legend's Creek" acted as "a rational policyholder" instead of litigating a case for fifteen months before seeking appraisal. *Id.*

In reply, Legend's Creek maintains that the plain language of the insurance policy makes clear that the appraisal award is "binding." (Filing No. 104 at 1.) Legend's Creek reiterates that a party who voluntarily submits to appraisal to determine the amount due under an insurance policy is bound by the appraisal award, absent exceptional circumstances. Though Travelers "goes to great lengths" to obscure the "simple terms of its own policy," it "agreed to the award" and now

6

merely attempts to "revive" an already-rejected argument. *Id.* In fact, because the process has been "completed," the Court need not adjudicate "whether the parties should engage in the appraisal process". *Id.* at 2. Indeed, no policy provisions permit Travelers "to avoid payment of a valid appraisal award," and the "policy and [the Magistrate Judge]'s order require Travelers pay the appraisal award." *Id.* Moreover, the Magistrate Judge determined that the appraisal request was timely because it was not a "legal action" subject to the policy's two-year limitations period. *Id.* Accordingly, "the appraisal award should be paid regardless of whether the award was issued after the time limitation for suit." *Id.* at 3. Here, "to obtain policy benefits all that was required was to submit an appraisal award"; permitting the summary judgment order to preclude payment "would be inequitable because the parties expended substantial resources in time and money, and Travelers agreed to the award." *Id.* at 4. Moreover, "Travelers waived that two-year period by agreeing to the award." *Id.*

Considering the posture of the case, the Court agrees with Travelers that Legend's Creek has not shown, as demanded by Rule 60(b), any exceptional circumstances or grievous wrongs evoked by new and unforeseen conditions. *See Ben Sager Chemicals International, Inc., v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977). The Court first notes that Travelers' participation in the appraisal was anything but voluntary—rather it was performed reluctantly pursuant to a court order. Legend's Creek largely disregards that (1) Travelers disputed the appraisal process the entire time (*see* Filing No. 83 (objecting to entry ordering appraisal); Filing No. 92-4 (noting that it issued appraisal payment "subject to the two motions currently pending before the Court")), and (2) the appraisal-ordering entry observed that the insurance policy "provides the insurer the right to retain its right to deny the claim" and that "[t]o conclude that Legend's [Creek] may exercise its contractual appraisal right is not to endorse its theory of its

7

entitlement to a larger recovery; nor does it preemptively endorse the appraiser's fact-finding as binding notwithstanding any legal defenses Travelers may assert."[1] (Filing No. 81 at 5-6.)

Legend's Creek cannot meet its burden under Rule 60(b)(5)—requiring "that the judgment be no longer equitable and prospective in application," *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 630 (7th Cir. 1997) (quotations removed)—because the Court's judgment was not directed at some future event, *see id.* at 631 (finding Rule 60(b)(5) inapplicable when "[t]he contractual interpretation was not a judgment compelling either party to perform a future act or ordering either party not to perform a future act"). And Legend's Creek cannot meet its burden under Rule 60(b)(6)—requiring "a showing of extraordinary circumstances justifying the reopening of a final judgment," *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006) (quotations omitted)—when the appraisal was merely ordered so that it could "be used . . . as part of the discovery process" and "could help in the fact-finding, and hopefully settlement discussions, while preserving any legal arguments, coverage or otherwise, that Travelers believes precludes its liability." (Filing No. 81 at 3, 4). As the Court previously stated in its entry on Legend's Creek's Motion to Amend or Alter Judgment,

> The Court's summary judgment entry determined that because it granted Travelers' Motion for Summary Judgment, "there is no need to continue the process of appraisal." ([Filing No. 108 at 20].) . . . The Court does not now deviate from this conclusive statement and will not "affirm the validity of the appraisal award" and order that Travelers pay it (*see* Filing No. 91 at 12).

(Filing No. 107 at 12-13.) The Court again declines the invitation to diverge from this determination.

---

[1] Indeed, Legend's Creek inaccurately argues that the entry held the opposite, maintaining that "the Magistrate Judge ordered the parties to engage in appraisal *without any restrictions* and to do so according to the policy terms." (Filing No. 93 at 2 (emphasis added).)

8

## IV. CONCLUSION

While providing relief under Rule 60(b) is within the Court's discretion, "[r]elief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances," *One 1979 Rolls-Royce Corniche Convertible*, 770 F.2d at 716, and the party requesting relief from a final judgment is required to make a strong showing under Rule 60(b) because of the "strong presumption against the reopening of final decisions." *Brandstatter*, 897 F.2d at 885. For the reasons discussed above, the Court determines that Legend's Creek has not made a strong showing and **DENIES** the Motion for Relief from Judgment (Filing No. 92).

**SO ORDERED.**

Date: 5/28/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

David E. Miller
SAEED & LITTLE LLP
david@sllawfirm.com

William David Beyers
BUCHANAN & BRUGGENSCHMIDT, P.C.
bbeyers@bbinlaw.com

Eric C. McNamar
LEWIS WAGNER LLP
emcnamar@lewiswagner.com

Matthew S. Ponzi
FORAN GLENNON PALANDECH & PONZI, PC
mponzi@fgppr.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com