UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEGEND'S CREEK HOMEOWNERS ASSOCIATION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE TRAVELERS INDEMNITY COMPANY ) <br> OF AMERICA, ) <br> ) <br> Defendant. ) | No. 1:18-cv-02782-TWP-MPB |

**ENTRY ON DEFENDANT'S BILL OF COSTS AND
PLAINTIFF'S FIRST MOTION FOR DISALLOWANCE**

This matter is before the Court on Defendant The Travelers Indemnity Company of America's ("Travelers") Bill of Costs (Filing No. 88) and Plaintiff Legend's Creek Homeowners Association, Inc.'s ("Legend's Creek") First Motion for Disallowance (Filing No. 89). Legend's Creek brought this action alleging Travelers breached their insurance contract and acted in bad faith after Travelers denied a hail and windstorm claim submitted under a condominium insurance policy. Travelers moved for summary judgment, which was granted by the Court on October 6, 2020. (Filing No. 86; Filing No. 108.) As the prevailing party, Traveler's requested an award of its costs incurred in defending this action in the amount of $3,117.54 pursuant to Federal Rule of Civil Procedure 54(d)(1).

The costs requested by Travelers in the amount of $3,117.54 consists of the following: $600.00 in fees to the Clerk, including $200.00 for *pro hac vice* admissions fees for two attorneys and $2,517.54 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case. (Filing No. 88.) Travelers submitted a sworn affidavit from its attorney, attesting to the fact that these costs were reasonably and actually incurred in defending this action. *Id.*

Legend's Creek objects to a portion of these costs and filed its First Motion for Disallowance arguing that the $200 for *pro hac vice* fees were not a "necessary and reasonable taxable cost" that Travelers was entitled to. ([Filing No. 89](#).)

Since Legend's Creek first filed its motion, the Seventh Circuit has joined the Ninth Circuit in holding that *pro hac vice* fees are not recoverable under 28 U.S.C. § 1920:

> [W]e conclude that fees for *pro hac vice* admission are not taxable in light of the Supreme Court's decision in *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 573, 132 S. Ct. 1997, 182 L.Ed.2d 903 (2012). *Taniguchi* emphasized that section 1920 must be narrowly construed. In so ruling, we align ourselves with the Ninth Circuit, which came to the same conclusion with respect to *pro hac vice* fees in *Kalitta Air L.L.C. v. Central Texas Airborne System Inc.*, 741 F.3d 955 (9th Cir. 2013). We recognize, as *Kalitta* did, that our earlier decision in *United States ex rel. Gear v. Emergency Med. Ass'ns of Illinois, Inc.*, 436 F.3d 726, 730 (7th Cir. 2006), must be set aside in this respect, as it offered no reason for awarding *pro hac vice* fees and did not survive *Taniguchi*.
>
> Federal Rule of Civil Procedure 54(d) says that "costs" generally should be awarded to the prevailing party in a civil action, and section 1920 provides a list of what costs are taxable pursuant to that rule. In *Taniguchi*, the Supreme Court held that the expenses of interpreters are not "costs" for purposes of section 1920(6). It noted that "[t]axable costs are limited to relatively minor, incidental expenses" and "almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." 566 U.S. at 573, 132 S.Ct. 1997.
>
> As *Kalitta* held, applying that guidance, *pro hac vice* fees are too distinct from the six kinds of costs enumerated in section under the statute. The closest analogs are the "[f]ees of the clerk and marshal," see § 1920(1); the other subsections relate to material expenses, like costs of printing and court-appointed experts, arising in the course of litigation. "Fees of the clerk" recalls 28 U.S.C. § 1914, which permits the collection of filing fees and "such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference's fee schedule refers only to a §188 fee for "original admission of attorneys to practice." 28 U.S.C. § 1914, District Court Miscellaneous Fee Schedule #10. And "[o]riginal admission" is quite different from the short term character of *pro hac vice* status. We therefore now hold that *pro hac vice* fees are not taxable "costs," . . . .

Given the Seventh Circuit's holding, Travelers is not entitled to recover its $200 spent on *pro hac vice* fees. Legend's Creek First Motion for Disallowance is **granted** and Traveler's Bill of Costs is **granted in part and denied in part**.

**CONCLUSION**

For the reasons set forth above, Travelers' Bill of Costs (Filing No. 88) is **GRANTED in part and DENIED in part** and Legend's Creeks First Motion for Disallowance (Filing No. 89) is **GRANTED**. The Court reduces Travelers' request for costs in the amount of $3,117.54 by $200.00, and awards Travelers **$2,917.54** in reasonable and necessary costs incurred in this litigation. The Clerk is directed to tax costs against Plaintiff Legend's Creek Homeowners Association, Inc. in favor of The Travelers Indemnity Company of America in the amount of **$2,917.54**.

**SO ORDERED**.

Date:  6/24/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

William David Beyers
BUCHANAN & BRUGGENSCHMIDT, P.C.
bbeyers@bbinlaw.com

Eric C. McNamar
LEWIS WAGNER, LLP
emcnamar@lewiswagner.com

David E. Miller
SAEED & LITTLE LLP
david@sllawfirm.com

Matthew Scott Ponzi
Foran Glennon Palandech Ponzi & Rudloff
mponzi@fgppr.com

John Carl Trimble
LEWIS WAGNER, LLP
jtrimble@lewiswagner.com